IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01276-WDM-MJW

JACK STEELE,

    Plaintiff,

v.

NORTHERN INSURANCE COMPANY OF NEW YORK,

    Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This case is before me on the motion for summary judgment (doc no 46) filed by Defendant Northern Insurance Company of New York ("Insurer"). Plaintiff opposes the motion. After review of the parties' written arguments and tendered evidence, I conclude oral argument is not required. For the reasons that follow, Insurer's motion will be granted.

### Factual Background

This action is based on the now-repealed Colorado Auto Accident Reparations Act ("CAARA" or the "No Fault Act"), C.R.S. §§ 10-4-701 to 10-4-726 (2002)[1]. Plaintiff alleges that Insurer failed to offer his employer enhanced or additional Personal Injury Protection ("PIP") coverage as required by the No Fault Act and now seeks to reform the policy to include such benefits.

Plaintiff was an employee of Coulson Excavating Co. ("Coulson") during the relevant

---

[1] All references are to the 2002 version of the statute unless otherwise noted.

time period.[2] Coulson obtained its insurance from an independent insurance agent, Craig Merten ("Merten"), whose brokerage, HRH of Colorado, placed insurance with a variety of insurance companies. Coulson had been a client of Merten's since 1990.

In January 2002, Merten met with representatives of Coulson in person to discuss renewal options for Coulson's various policies. In his deposition, Merten testified that he does not have a specific recollection of his meeting with Coulson, but that it is his custom and practice to review each available coverage (even if the client did not previously have such coverage), including enhanced PIP coverage. He testified that, based on his practice and custom, he was confident that he had reviewed with Coulson its options for purchase of enhanced PIP coverage. Merton further testified that his practice is always to review the client's current coverage summary, discuss the risks and benefits of all coverages, including optional coverages, get quotes from various insurers, and then compare the different quotes. It is undisputed that following the meeting with Merton, Coulson elected to purchase enhanced PIP coverage for four of its employees, although not for Plaintiff, with its March 2002 automobile insurance renewal. According to Merton, Coulson's decision regarding enhanced PIP coverage was based on the pay levels and the availability of workers compensation benefits for certain employees, such as Plaintiff.

The policy with Insurer was issued March 31, 2002 and extended through March 31, 2003. Plaintiff was in an automobile accident while driving a vehicle owned by Coulson on or about May 17, 2002.

---

[2]The facts set forth here are drawn from the parties' briefs and are undisputed unless otherwise noted.

2

Plaintiff filed this action asserting the following claims: (1) reformation, seeking to reform the policy to include enhanced PIP benefits because of Insurer's alleged failure to properly offer such benefits in compliance with CAARA; (2) bad faith breach of insurance contract for failing to pay enhanced PIP benefits; (3) declaratory judgment, declaring that Plaintiff's coverage includes enhanced PIP benefits.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A moving party must first meet its initial burden of production under Rule 56(c). *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). "If the evidence produced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied even if no opposing evidentiary matter is presented.'" *Id.* (citations omitted).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

If the moving party bears the ultimate burden of persuasion at trial, it must "support

its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 331 (1986).

## Discussion

Insurer moves for summary judgment, arguing that the undisputed facts demonstrate that it offered Coulson enhanced PIP coverage, as evidenced by the testimony of Merton and the company's decision to purchase such coverage for several employees.

1. <u>Requirements of the No Fault Act</u>

Prior to its repeal, the No Fault Act required auto insurers to offer optional additional PIP benefits to their customers when issuing an auto insurance policy. Specifically, the following provisions required that:

> (2)(a) Every insurer shall offer the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10-4-706 [basic PIP protection], at the option of the named insured:
> (I) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitation; or
> (II) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.
> (b) A complying policy may provide that all benefits set forth in section 10-4-706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

4

C.R.S. § 10-4-710.

In general, under Colorado law, whether an insurer has discharged this duty is determined by examining if the offer is "reasonably calculated to permit the potential purchaser to make an informed decision on whether to purchase" the additional coverage. *Allstate Ins. Co. v. Parfrey*, 830 P.2d 905, 913 (Colo. 1992) (interpreting provisions governing UM/UIM coverage). This includes such factors as "the clarity with which the purpose of [the optional coverage] was explained to the insured, whether the explanation was made orally or in writing, the specificity of the options made known to the insured, the price at which the different levels of [ ] coverage could be purchased, and any other circumstances bearing on the adequacy and clarity of the notification and offer." *Id.*

Under Colorado law, the remedy for an insurance company's failure properly to offer enhanced PIP benefits is for the court to reform the subject policy such that "additional coverage in conformity with the offer mandated by statute will be incorporated into the policy . . . ." *Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550, 554 (Colo. App. 1998).

The parties dispute who has the burden of proof as to whether an offer was made. *See, e.g., Warren v. Liberty Mut. Fire Ins. Co.*, 505 F. Supp. 2d 770, 777 (D.Colo. 2007) (noting that burden of proof as to whether a compliant offer of enhanced PIP benefits was made is an issue of first impression and deciding that it lies with the insurer). Nonetheless, I need not reach this issue because I conclude that even if Insurer has the burden of persuasion, Insurer has satisfied it. Insurer's evidence that an offer was made is significant, most particularly the evidence that Coulson did indeed purchase enhanced PIP

5

benefits for some employees. Merton identified the coverages offered by reference to Northern's policies, and there appears to be no dispute that the policies comply with the No Fault Act. In addition, Insurer has presented evidence that the offer was presented in reasonably clear terms; the meeting was face to face, included a general description of increased coverages, and Coulson apparently made a rational decision about which employees to cover.

In response to this evidence, Plaintiff points out that Merton does not recollect the specific content of his conversation with Coulson and that no documentation exists to support Merton's testimony. There is testimony that although typically certain forms would have been filled out, Insurer has not been able to produce these documents. Nevertheless, the fact that Coulson purchased enhanced PIP coverage is documented and presents strong evidence supporting Merton. In any case, Plaintiff has presented no authority requiring that the offer or election to purchase be in writing. *Cf., Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1077 (10th Cir. 2007) (offers of enhanced PIP coverage need not be in writing) (citing *Munger v. Farmers Ins. Exch.*, No. 06CA01202, 2007 WL 2003001 (Colo. App., July 12, 2007)); *Breaux v. Am. Family Mut. Ins. Co.*, 387 F. Supp. 2d 1154, 1163 (D.Colo. 2005) (same holding). In addition, Merton's testimony regarding his custom or practice is admissible and persuasive evidence supporting the inference that enhanced PIP benefits were offered, particularly in light of Coulson's subsequent election to purchase them. FRE 406 (evidence of habit or routine practice, "whether corroborated or not" is relevant to prove conduct on a particular occasion was in conformity with the habit or routine practice). Although it is unclear whether information

6

about cost was provided at an initial meeting or thereafter (when quotes were provided), based on the totality of the circumstances, Insurer's evidence satisfies its burden on summary judgment.

To preclude summary judgment, Plaintiff must demonstrate that a genuine issue of fact remains to be determined at trial. Plaintiff offers no facts to dispute the strong inference in favor of Insurer, but rather simply attempts to point out weaknesses in Insurer's evidence. Conspicuously absent from Plaintiff's evidence is any testimony or affidavit actually contradicting Merton's account, such as testimony from Coulson's representatives that no offer was made or that the representatives did not feel sufficiently informed to make a reasoned decision about whether and for whom to elect enhanced coverage. Plaintiff has not responded with Rule 56(e) evidence and I therefore conclude that Plaintiff's purported issues of fact are not genuine or material such that a reasonable jury could enter a verdict in favor of Plaintiff.

Accordingly, it is ordered:

1. Insurer's motion for summary judgment (doc no 46) is granted. Judgment shall enter in favor of Insurer and this case is dismissed with prejudice.

2. Insurer may have its costs.

DATED at Denver, Colorado, on December 13, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge